IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KEVIN PRATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:24-cv-2500-SHL-atc |
| ) | |
| CREDENCE RESOURCE ) | |
| MANAGEMENT, LLC, and KAREN NEGI, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

Before the Court by order of reference[1] are Defendant Credence Resource Management, LLC's ("CRM") Motion to Dismiss Plaintiff's Complaint and Defendant Karan Negi's[2] Motion for Joinder to Defendant Credence Resource Management's Motion to Dismiss Plaintiff's Complaint and Additional Basis to Dismiss for Lack of Jurisdiction, both filed December 13, 2024. (ECF Nos. 13, 14.) On January 29, 2025, *pro se* Plaintiff Kevin Pratt filed a response to CRM's Motion to Dismiss. (ECF No. 18.) He did not respond to Negi's motion. CRM filed a reply on February 12, 2025. (ECF No. 20.) On June 27, 2025, the Court entered its Order on Motions to Dismiss, detailing the various ways in which Pratt's Complaint is subject to dismissal and ordering him to file a motion to amend his Complaint by July 25, 2025. (ECF No. 32.) Pratt has failed to do so.

---

[1] Pursuant to Administrative Order 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

[2] Negi asserts that he has been improperly named as "Karen Negi" in the case caption. (ECF No. 14, at 1.)

For the reasons set forth below, the Court recommends that CRM's Motion and Negi's Motion be granted.

## PROPOSED FINDINGS OF FACT

The factual allegations of Pratt's Complaint are set forth in the Background section of the Order on Motions to Dismiss and are incorporated herein by reference. (ECF No. 32, at 1–3.)

## PROPOSED CONCLUSIONS OF LAW

The Order on Motions to Dismiss explains why Pratt's Complaint is subject to dismissal, and those conclusions are incorporated herein by reference. (*Id.* at 3–14.) As discussed in that Order, Pratt has failed to demonstrate that this Court has personal jurisdiction over Negi, he has failed to allege concrete injury sufficient to give this Court subject matter jurisdiction over his claims, and he has failed to plead sufficient facts to state claims under the FDCPA, FCRA, or Fourth Amendment. (*Id.*)

Because Pratt included in his response to the Motions to Dismiss a request to amend his Complaint, however, the Court provided him with the opportunity to do so by July 25, 2025. (*Id.* at 14.) Pratt has failed to file a motion to amend his Complaint or a proposed amended complaint. As such, his Complaint should be dismissed for the reasons stated in the Order on Motions to Dismiss. (*Id.* ("Should Pratt's proposed amended complaint fail to correct the deficiencies discussed herein, dismissal of this case will be recommended.").)

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that the Motions of CRM and Negi be granted and that Pratt's case be dismissed in its entirety.

Respectfully submitted this 30th day of July, 2025.

                                        s/ Annie T. Christoff
                                        ANNIE T. CHRISTOFF
                                        UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver/forfeiture of objections, exceptions, and further appeal.